IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| WILLIAM G. COLSON, JR., and DOROTHY R. COLSON, | ) ) ) | CASE NO. 7:11-CV-02143-HMH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **DEFENDANT SAMSON HAIR** |
| SAMSON HAIR RESTORATION, LLC, and GEOFFREY D. STILLER, MD, | ) ) ) | **RESTORATION, LLC'S ANSWER** |
| Defendants. | ) ) ) | |

Defendant Samson Hair Restoration, LLC, in response to the Complaint, states as follows:

1. Defendant Samson denies generally each and every allegation of the Complaint except as specifically admitted herein.

2. Defendant Samson is without sufficient information to form a belief as to the allegations of Paragraph 1 and therefore denies same.

3. Defendant Samson admits that it is a limited liability company organized under the laws of the state of California but denies the remaining allegations of Paragraph 2.

4. Defendant Samson admits that it is involved in the hair transplantation business but denies the remaining allegations of Paragraph 3.

5. Defendant Samson is without sufficient information to form a belief as to the allegations of Paragraph 4 and therefore denies same.

6.  In response to Paragraph 5, Defendant Samson admits that the United States District Court has subject matter jurisdiction over this matter but denies that the Court has personal jurisdiction over Defendant Samson.

7.  In response to Paragraph 6, Defendant Samson denies that venue is appropriate in the District Court for the District of South Carolina.

8.  Defendant Samson is without sufficient information to form a belief as to the allegations of Paragraphs 7 through 13 and therefore denies same.

9.  With regards to the allegations of Paragraph 14, Defendant Samson admits only that Co-Defendant performed a hair transplant procedure on Plaintiff William G. Colson in North Carolina and that Defendant Samson's president, Bill McCullough was present for the procedure.  Defendant Samson is without sufficient information to form a belief as to the remaining allegations of Paragraph 14 and therefore denies same.

10. Defendant Samson is without sufficient information to form a belief as to the allegations of Paragraphs 15 through 25 and therefore denies same.

11. Defendant Samson admits the allegations of Paragraph 26.

**FOR A FIRST DEFENSE TO**
**PLAINTIFF'S FIRST CAUSE OF ACTION**
**(Professional Negligence)**

12. Defendant Samson repeats and realleges its responses to the previous allegations as though set out herein verbatim.

13. Defendant Samson is without sufficient information to form a belief as to the allegations of Paragraph 27 and therefore denies same.

14. Defendant Samson denies the allegations of Paragraphs 28 and 29, including all sub-parts, as they relate to Defendant Samson and further denies any claim for relief.

2

**FOR A FIRST DEFENSE TO
<u>PLAINTIFF'S SECOND CAUSE OF ACTION</u>
(Negligence)**

15. Defendant Samson repeats and realleges its responses to the previous allegations as

     though set out herein verbatim.

16. Defendant Samson denies the allegations of Paragraphs 31 and 32, including all sub-

     parts, as they relate to Defendant Samson and further denies any claim for relief.

**FOR A FIRST DEFENSE TO
<u>PLAINTIFF'S THIRD CAUSE OF ACTION</u>
(Fraud)**

17. Defendant Samson repeats and realleges its responses to the previous allegations as

     though set out herein verbatim.

18. Defendant Samson denies the allegations of Paragraphs 34 through 40 and further denies

     any claim for relief.

**FOR A FIRST DEFENSE TO
<u>PLAINTIFF'S FOURTH CAUSE OF ACTION</u>
(Negligent Misrepresentation)**

19. Defendant Samson repeats and realleges its responses to the previous allegations as

     though set out herein verbatim.

20. Defendant Samson denies the allegations of Paragraphs 42 through 47 and further denies

     any claim for relief.

**FOR A FIRST DEFENSE TO
<u>PLAINTIFF'S FIFTH CAUSE OF ACTION</u>
(Unfair Trade Practices Act)**

21. Defendant Samson repeats and realleges its responses to the previous allegations as

     though set out herein verbatim.

22. Defendant Samson denies the allegations of Paragraphs 49 through 55 and further denies any claim for relief.

**FOR A FIRST DEFENSE TO**
**<u>PLAINTIFF'S SIXTH CAUSE OF ACTION</u>**
**(Negligence)**

23. Defendant Samson repeats and realleges its responses to the previous allegations as though set out herein verbatim.

24. Defendant Samson denies the allegations of Paragraphs 57 and 58, including all sub-parts, and further denies any claim for relief.

**FOR A FIRST DEFENSE TO**
**<u>PLAINTIFF'S SEVENTH CAUSE OF ACTION</u>**
**(Loss of Consortium)**

25. Defendant Samson repeats and realleges its responses to the previous allegations as though set out herein verbatim.

26. Defendant Samson is without sufficient information to form a belief as to the allegations of Paragraph 60 and therefore denies same

27. Defendant Samson denies the allegations of Paragraphs 61 and 62 and further denies any claim for relief.

**FOR A FIRST DEFENSE TO**
**<u>PLAINTIFF'S DAMAGE ALLEGATIONS</u>**

28. Defendant Samson repeats and realleges its responses to the previous allegations as though set out herein verbatim.

29. Defendant Samson is without sufficient information to form a belief as to the allegations of Paragraph 64 and therefore denies same

30. Defendant Samson denies the allegations of Paragraph 65, including all sub-parts, and further denies any claim for relief.

## FOR A FIRST DEFENSE TO
## <u>PLAINTIFF'S RULE 9j CERTIFICATION</u>

31. Defendant Samson repeats and realleges its responses to the previous allegations as though set out herein verbatim.

32. In response to the allegations of Paragraphs 67 and 68, Defendant Samson denies that Plaintiff has appropriately complied with any pre-filing requirements under the North Carolina or South Caroline rules or law.

## FOR A SECOND DEFENSE TO
## <u>ALL CAUSES OF ACTION</u>
## (Failure to Mitigate)

33. Plaintiffs have failed to mitigate their alleged damages and are, therefore, barred from recovery for same.

## FOR A THIRD DEFENSE TO
## <u>ALL CAUSES OF ACTION</u>
## (Independent Contractor)

34. Defendant Geoffrey D. Stiller, M.D., is not an employee of Defendant Samson Hair Restoration, LLC, and, therefore, Defendant Samson Hair Restoration, LLC, is not legally responsible for the acts or omissions of Defendant Stiller, which are the sole and exclusive cause of Plaintiff's alleged damages.

## FOR A FOURTH DEFENSE TO
## <u>ALL CAUSES OF ACTION</u>
## (Negligence of Others)

35. Any damages or injuries alleged in the Complaint, without admitting the same to be true, were due to and proximately caused by the sole negligence, recklessness, and willfulness of a third party over which Defendant Samson had no control, and Defendant Samson is, therefore, not liable to the Plaintiffs for such actions in any way.

**FOR A FIFTH DEFENSE TO**
**ALL CAUSES OF ACTION**
**(Assumption of the Risk)**

36. Any alleged damages Plaintiffs sustained may have been due to and proximately caused by the Plaintiff's own voluntary actions taken in full knowledge of any risks associated therewith, of which the Plaintiff, in the exercise of due care, should have known or appreciated, and therefore, Plaintiff's voluntary assumption of the risk may operate as a complete bar to this action.

**FOR A FIFTH DEFENSE TO**
**ALL CAUSES OF ACTION**
**(Comparative Negligence)**

37. Although Defendant denies all allegations of the Complaint with regard to culpability on its part, if Plaintiffs prove any damages, which are denied, such damages were solely and proximately the result of Plaintiff's own negligence, whose conduct exceeds any negligence of Defendant Samson. Plaintiff's comparative negligence acts as a complete bar, or in the alternative, reduces any recovery in proportion to the amount of his comparative negligence.

38. Defendant demands a jury trial on all claims brought by Plaintiffs.

WHEREFORE, having fully answered the Complaint, Defendant Samson Hair Restoration, LLC, respectfully prays that this Court:

1)    Award judgment in favor of Defendant; and

2)    Provide such other and further relief that this Court deems appropriate.

6

October 10, 2011                           /S/ JOSEPH C. WILSON, IV
Charleston, South Carolina                 Carl E. Pierce, II (Fed. ID#3062)
                                           Joseph C. Wilson, IV (Fed. ID#5886)
                                           Pierce, Herns, Sloan, & McLeod, LLC
                                           P.O. Box 22437
                                           Charleston, SC  29413
                                           (843) 722-7733
                                           (843) 722-7732
                                           joewilson@phsm.net