IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| William G. Colson, Jr. and Dorothy R. Colson, | ) ) ) | |
| | ) | C.A. No. 7:11-2143-HMH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **OPINION & ORDER** |
| Samson Hair Restoration, LLC  and Geoffrey D. Stiller, M.D, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' motion to transfer venue to the United States District Court for the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1404(a).  For the reasons explained below, the court grants Plaintiffs' motion.

Plaintiffs commenced this diversity action alleging claims of medical negligence arising out of numerous medical procedures performed by Defendant Geoffrey D. Stiller ("Dr. Stiller") in Charlotte, North Carolina.  (Compl., generally.)  On October 10, 2011, Dr. Stiller filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, contending that he lacked the minimum contacts with South Carolina.  On November 28, 2011, this court issued an order granting Dr. Stiller's motion to dismiss. Plaintiffs subsequently filed a motion to reconsider, which the court denied on January 5, 2012. Plaintiffs now move the court to transfer venue to the United States District Court for the Western District of North Carolina, Charlotte Division.  Defendant Samson Hair Restoration, LLC does not oppose Plaintiffs' motion to transfer venue.

1

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Whether a case should be transferred to an alternative venue rests within the sound discretion of the district court. In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984). Courts weigh the following factors in determining whether transfer is appropriate under § 1404(a):

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Landers v. Dawson Constr. Plant, Ltd., Nos. 98-2709, 98-2763, 1999 WL 991419, at *2 (4th Cir. Nov. 2, 1999) (unpublished).

After consideration of the above factors and a thorough review of the record in this case, the court concludes that transfer to the United States District Court for Western District of North Carolina, Charlotte Division, is appropriate.

It is therefore

**ORDERED** that Plaintiffs' motion to transfer venue to the United States District Court for the Western District of North Carolina, Charlotte Division, docket number 26, is granted.

**IT IS SO ORDERED.**

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

Greenville, South Carolina
February 23, 2012